Pearson, C. J.
 

 The commissioner reports, that, in settling the business of the firm of Clements & Waldo, Clements paid out more than he had collected, by the sum of
 
 *4
 
 $9,148.66, and he says, £*this amount is copied from the Ledger of Waldo
 
 &
 
 Clements, and its existence there is about the only proof of its correctness ”
 

 The defendant excepts to this item in the report, on the ground that there was no evidence to support it. The exception must be allowed.
 

 Whilst a firm is doing business, its books are evidence against any and all of the co-partners, and it makes no difference when the entries are made. That princple, however, has no application to this case, in which the firm had stopped doing business, and all of its effects had been transferred to Clements, who was to settle up its affairs. The account kept by him does not set out the dealings of the firm, or contain a memorial of
 
 Us
 
 actings or doings, but is merely a memorandum kept by Clements to show
 
 Ms
 
 receipts and disbursements. The fact that he made use of the Ledger of the firm, instead of getting a book of his own, makes no sort of difference, although it seems to have misled the commissioner.
 

 A partner, who undertakes to wind up the affairs of the firm, stands in the position of an executor or administrator, and for that reason books kept by him of his collections and disbursements are not evidence for him, and he must show the amount of disbursements by the production of vouchers properly authenticated.
 

 We find among the papers a bundle, said to contain vouchers. It was not, however, opened or acted upon by the commissioner, and we can have nothing to do with it.
 

 As the other exceptions were not insisted upon, there will be a reference to reform the account, and show what remains due by Mitchell to Clements ; allowing Waldo’s interest in the one firm to extinguish his liabilities in the other.
 

 Per Curiam.
 

 Ordered accordingly.